## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ODIS DAVID SMITH #82469**                        **CIVIL ACTION**

**versus**                                                      **NO. 09-3709**

**STATE OF LOUISIANA**                            **SECTION: R/6**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the reasons that follow, it is recommended that the petition be denied as time-barred. Alternatively, the petition may be denied on the merits.

## Background

Petitioner, Odis David Smith, filed this petition for writ of habeas corpus challenging the constitutionality of his confinement pursuant to 28 U.S.C. § 2254. He is incarcerated at the Rayburn Correctional Center, Angie, Louisiana. On October 29,

2002, Smith was found guilty by a jury in the 22nd Judicial District Court ("JDC") of St. Tammany Parish, of one count of simple escape, a violation of La.R.S. 14:110, and one count of aggravated flight from an officer, a violation of La. R.S. 14:108.1.[1] Petitioner was originally sentenced to a term of 5 years for the simple escape and to a term of 2 years on the aggravated flight from an officer, each sentence to be served consecutively.[2]  After a multiple bill hearing held on August 8, 2003, during which petitioner was adjudicated a triple offender, the trial court vacated the sentence of 5 years for simple escape and imposed a ten year sentence, to be served consecutive to the original 2 year sentence petitioner received on the aggravated flight count and to any other sentence.[3]  This federal habeas petition addresses only the convictions obtained, after a jury trial on October 29, 2002, in docket  number **334157** in the 22nd JDC; i.e., the convictions for simple escape  and for aggravated flight from an officer.[4]

---

[1]*See* State Rec. vol. 3 of 5, Trial transcript at p. 122, Jury verdicts.

[2]*State v. Odis David Smith*, Case # 334157, 22nd Judicial District Court for the Parish of St. Tammany, Louisiana. See Minute entry of sentencing dated March 12, 2003, State Rec. vol. 2 of 5; Transcript of Multiple Bill dated August 8, 2003, same volume.

[3]Petitioner was also convicted and sentenced in the 22nd Judicial District Court under Case ## 333759 and 334156 for the crimes of DWI and 4th offense DWI. He also was convicted in the 24th Judicial District Court, Parish of Jefferson in Case # 98-404.

[4]Based upon petitioner's federal application, petitioner specifically challenges only the August 8, 2003 judgment of sentencing for his simple escape conviction. See Answer to questions 1-5 on Fed. Doc. 1.

**Procedural History**

After being convicted and sentenced in Case # 334157, petitioner filed a direct appeal. He was represented by appellate counsel, but also filed a *pro se* brief. Petitioner alleged (1) that his sentence was unconstitutionally excessive (counseled claim), and, (2) that in sentencing him, the trial court erroneously misstated the date of his prior charges and failed to consider his premature post-conviction filings (pro se claim). In an unpublished opinion, the Louisiana First Circuit Court of Appeal ("First Circuit") affirmed his conviction and sentence on the merits. *State v. Smith*, 876 So.2d 966 (La.App. 1 Cir. 6/25/04)(Table)(2003-KA-2109 ).[5] No request for a writ of certiorari was filed with the Louisiana Supreme Court relative to reviewing the First Circuit's decision on direct appeal.

After petitioner's direct appeal was final, his procedural history takes a murky turn. The respondent has provided many of the dates of his varied filings in the state courts and, for the most part, the record confirms these as well as indicates some additional filings. Suffice it to say that, after Smith's appeal was completed, he filed the following writs challenging his conviction and/or sentence, with the Louisiana Court of Appeal, First Circuit:

Writ No. 2005-KW-0159, filed January 19, 2005, denied February 22, 2005;

---

[5]State Rec. vol. 4 of 5 contains a copy of the appeal denial.

Writ No. 2005-KW-0445, filed February 22, 2005, denied on May 3, 2005;
Writ No. 2005-KW-0948, filed on April 25, 2005, denied on June 17, 2005;[6]
Writ No. 2005-KW-1748, filed August 1, 2005, denied October 21, 2005;
Writ No. 2006-KW-0055, filed January 5, 2006, denied April 18, 2006;
Writ 2007-KW-2110, filed October 13, 2007, denied January 18, 2008;
Writ 2008-KW-1891, filed January 9, 2008, denied July 21, 2008;
Writ 2008-KW-0933, filed April 30, 2008, denied July 21, 2008;
Writ No. 2008-KW -2178, filed October 13, 2008, denied December 19, 2008.[7]

Petitioner also filed numerous pleadings in the state district court after his appeal was completed. Those arguably challenging his conviction and/or sentence are as follows:[8]

Motion to Vacate Sentence filed January 20, 2005, denied January 26, 2005;
PCR filed January 27, 2005, denied March 2, 2005;
PCR filed March 7, 2005, denied March 16, 2005;
Writ of Habeas Corpus filed August 1, 2005, denied August 16, 2005;
Writ of Habeas Corpus filed September 13, 2005, denied September 16, 2005;
Writ of Habeas Corpus filed September 26, 2005, denied September 30, 2005;
Writ of Habeas Corpus filed October 7, 2005, denied October 13, 2005;
Motion for Habeas Corpus filed November 14, 2005, denied December 8, 2005;
Motion to Correct Illegal Sentence filed December 28, 2005, denied January 13, 2006.
Motion to Amend Sentence filed March 13, 2006, denied March 16, 2006;
PCR filed April 24, 2006, denied June 14, 2006;

---

[6]Petitioner also filed a PCR which was denied on February 22, 2005, by the First Circuit as improperly filed because petitioner had not first filed the PCR in the district court. See Writ No. 2004-KW-2779.

[7]Due to the deficiencies in the state court record, the court accepts the filing dates of the writs filed with the Louisiana Court of Appeal, First Circuit, as submitted by the respondent. However, no independent confirmation of these dates could be made from the record provided.

[8]This list is far from exhaustive.  Petitioner filed many motions and requests that are not discussed here as they do not directly challenge the conviction or sentence and, therefore, do not affect the running of the federal time limitation period.

2 Motions to Vacate Sentence, filed May 15, 2006 and June 1, 2006, both denied June 14, 2006;

Motion to Vacate Sentence filed September 26, 2006, denied January 17, 2007.

Motion to Follow La. Criminal Procedure filed October 6, 2006, denied January 17, 2007;

Motion for Retroactive Application of La. R.S. 15:308.1 filed August 21, 2006, denied January 17, 2007;

PCR filed November 15, 2006, denied January 17, 2007;

PCR filed December 15, 2006, denied January 26, 2007;

Motion regarding Ineffective Assistance of Counsel filed January 3, 2007, denied January 17, 2007;

PCR filed January 18, 2007, denied January 26, 2007;

Motion to Vacate filed February 7, 2007, denied February 8, 2007;

Motion to Set aside Multi-bill filed May 5, 2008, denied May 8, 2008;

Motion to Amend Sentence filed May 20, 2008, denied May 29, 2008;

Motion re: Violation of Constitution and Due Process filed March 16, 2009, denied March 18, 2009.

Motion re: Ineffective Assistance of Counsel filed March 17, 2009, denied March 19, 2009;

Motion to Vacate filed March 20, 2009, denied March 24, 2009;

Motion to Vacate filed March 31, 2009, denied April 2, 2009;

PCR filed April 6, 2009; denied April 7, 2009;

Motion to Correct Illegal Sentence filed April 16, 2009, denied April 21, 2009.

After petitioner's direct appeal was final, he also filed a writ application with the Louisiana Supreme Court , Writ No. 2005-KH-1177, on May 5, 2005, which was denied on February 3, 2006.[9]

On or about July 12, 2006,[10] petitioner filed two prior federal habeas corpus actions, Civil Action 06-3520 and 06-3521, each challenging the same convictions

---

[9]The writ was denied based upon La. C.Cr. Procedure 930.3 and *State ex rel. Melinie, v. State*, 665 So.2d 1172 (1996); See State Rec. vol. 4 of 5 for a copy of this denial.

[10]June 28, 2006 was the date petitioner signed and dated his federal petitions.

challenged in the instant action. On December 26, 2007, the district court dismissed both petitions at Smith's request. Another federal petition attacking the same convictions was filed on September 7, 2007 and denied on April 6, 2009 as repetitive of the filing in Civil Action 06-1421. See Civil Action 07-5287 "R"(6).

## Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. See 28 U.S.C. § 2244(d)(1)(A) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's June 25, 2004 judgment of conviction became final on July 9, 2004, when the 14-day deadline for seeking rehearing expired.  The time for seeking review ended July 26, 2004, when his 30-day time limit for seeking relief from the Louisiana Supreme Court expired.[11]

 Thus, petitioner had a year from July 26, 2004, or until July 26, 2005, to timely seek federal habeas corpus relief.  Smith, however, did not file the instant federal habeas

---

[11]La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

petition with this court until May 5, 2009.[12] Thus, his challenge to his 2002 convictions must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Smith filed a post-conviction application (entitled a motion to vacate sentence) on January 20, 2005,[13] which he signed and dated on January 14, 2005.[14]  Thus he allowed **172** days of his federal limitation period to expire between July 26, 2004 (date his conviction became final) and the filing of the January 14, 2005 PCR. This application was denied by the trial court on January 26, 2005.[15] From the record, it does not appear that petitioner timely requested that this ruling be reviewed by the

---

[12]The court gives petitioner the benefit of the date he signed his federal petition, although the mailing date is May 26, 2009.

[13]Petitioner had earlier filed several post-conviction pleadings, many of which were denied as pre-mature. Since these earlier applications were denied prior to petitioner's conviction becoming final, they do not alter this court's analysis of whether petitioner is time-barred from federal review.  Accordingly, the court has not provided detailed information about these earlier post-conviction pleadings.

[14]The claim raised was that the trial court failed to advise petitioner of his rights at the multiple bill hearing.

[15]State Rec. vol. 4 of 5 contains a copy of the application and the trial court's denial.

Louisiana Court of Appeal, First Circuit. However, a writ was filed with that court, Writ No. 2005-KW-0159, on January 19, 2005 (prior to the trial court's denial of the PCR). That writ was pending until it was denied on February 22, 2005. A second writ was filed with the First Circuit on February 22, 2005 and denied on May 3, 2005 and a third writ to the First Circuit was filed on April 25, 2005 and denied June 17, 2005. At this point, the State, in its analysis, apparently is willing to grant petitioner "tolling time" for the time when these three writs were pending. The problem with the State's analysis, however, is that these writs would only toll the limitations period if they were "properly filed". The State offers no argument or analysis on this point. In actuality, due to the repetitive and haphazard filings of Smith, it is generally impossible to find any correlation between the pleadings filed in the state district court and the many requests for supervisory writs which Smith filed in the Louisiana Court of Appeal, First Circuit. Although respondent has not claimed that any of these writ applications were "improperly filed", all three of these writs appear to have been filed in total disregard of state procedural rules. A post-conviction writ request to the state appellate court is only properly filed if the claims were first raised in the trial court below. Based on the record before the court, this court cannot determine with any certainty whether the state post-conviction pleadings were "properly filed" in the state courts, i.e., whether each writ filed with the appellate court was a request for review

-8-

from a petition filed in the court below and whether each writ was timely filed and in accordance with other state procedural rules.  The State, viewing the haphazard filings of petitioner, apparently "threw up their hands" at trying to correctly analyze the filings and instead looked for "gaps" of time when no filings, proper or not, were pending.   Proper analysis of these filings is critical, however, as the following example demonstrates.

The State argues that an additional 44 days of time ran against petitioner after the June 17th, 2005 First Circuit ruling on Writ 2005-KW-0948 and before another writ was filed with that court on August 1, 2005.  However, if Writ 2005-KW-0948 was "properly filed", as that term is understood under 28 U.S.C. §2244(d)(2), Smith would be entitled to tolled time for the thirty days *after* the June 17th, 2005 ruling as the application would have been pending review from a higher court. On the contrary, if Writ 2005-KW-0948 was *not* properly filed, no tolling time credit would be assessed for the *entire time* that the writ was pending. This type of analysis would be required for each and every post-conviction pleading filed by Smith in order to accurately assess whether Smith's federal petition is time-barred.

In *Sartain v. Cooper*, 2008 WL 4758609 (E.D. La., Oct. 29, 2008)(Barbier, J.), this court found that the state court record was insufficient for calculating with certainty the timeliness of a federal habeas petition.   In light of the "inconclusive

evidence on the timeliness issue", and because petitioner's claims were "clearly meritless", the court dismissed the case on the merits instead of based upon timeliness. *Id.* citing *Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir.)(A federal court may, in the interest of judicial economy, proceed to the merits of a habeas petitioner's claims even if his petition is arguable untimely), *cert. denied,* 549 U.S. 1034, 127 S.Ct. 583, 166 L.Ed.2d 434 (2006).

Being unable to determine with any accuracy whether petitioner's federal application was timely filed, this court addresses the merits of Smith's claims.

## Standard of Review

This habeas proceeding is subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, because Smith filed his federal petition on July 12, 2006,well after AEDPA's effective date. See *Lindh v. Murphy*, 521 U.S. 320, 335–36 (1997). "Under AEDPA, if a state court has adjudicated a habeas petitioner's claims on the merits, he may receive relief in the federal courts only where the state court decision 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), (quoting 28

-10-

U.S.C. § 2254(d)),  *cert. denied*, -- U.S.--, 129 S.Ct. 176, 172 L.Ed.2d 44 (2008).

"A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts." *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010) (citing *Williams v. Taylor*, 529 U.S. 362, 404–08, 120 S. Ct. 1495 (2000)).  To merit habeas relief, a state habeas court's application of federal law must be not only incorrect but "objectively unreasonable." *Renico v. Lett*, -- U.S. --, 130 S. Ct. 1855, 1865, 176 L.Ed.2d 678 (2010). *See also*, *Shriro v. Landrigan*, 550 U.S.465, 473, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007)( "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold.")

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also Hill*, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

## Facts[16]

On or about March 20, 2001, at approximately 3:10 a.m., a Covington Police officer observed the petitioner run a stop sign. The officer, who was in a marked police vehicle, initiated a traffic stop using his blue lights and siren. The petitioner did not stop his vehicle and proceeded through at least twelve more intersections without stopping at the stop signs. A roadblock was set up to stop the petitioner. However, the petitioner bypassed the roadblock by driving into the opposing lane of traffic and onto the shoulder of the road. A chase ensued, and the petitioner drove at speeds in excess of fifty miles per hour. The petitioner later abandoned the vehicle and was arrested.

After being transported to the police station, the petitioner complained of preexisting back problems that were aggravated during his arrest. The petitioner was subsequently transported to the hospital. While in the examination room, the petitioner was handcuffed. Later, the handcuffs were removed in order to facilitate his examination. While the petitioner was not in handcuffs, he was taken to another part of the hospital for x-rays. During that time, the petitioner escaped from custody. He was located more than a month after his escape.

## Merits

---

[16]The facts are from the Louisiana Court of Appeal, First Circuit decision on direct appeal, *State v. Odis D. Smith, Jr.*, Writ No. 2003-KA-2109, (La. App. 1st Cir., June 25, 2004).

Petitioner raises the following claim for relief: That his 14th Amendment rights were violated when the trial judge increased his sentence of five years for simple escape to a term of ten years on the multiple bill. It appears petitioner is trying to argue that his sentence was excessive.  Petitioner also specifically contends that the multiple bill proceedings should have been tried by a jury.[17]

The record shows that petitioner was convicted of simple escape, for which the penalty was imprisonment with or without hard labor for not less than two years nor more than five years, provided that such sentence did not run concurrently with any other sentence. La. R.S. 14:110(B)(3).  Since Smith was found to be a third felony offender, the penalty he faced ranged from not less than two-thirds of the longest possible sentence to not more than twice the longest possible sentence prescribed for a first conviction. La.R.S. 15.529.1(A)(1)(b)(i).  After a multiple bill adjudication as a third felony offender, Smith was given a sentence of ten (10) years, or the maximum sentence within the statutory requirements.

Federal courts accord broad discretion to a state trial court's sentencing decision that falls within  statutory limits.  *Haynes v. Butler,* 825 F.2d 921, 923-24 (5th Cir.

---

[17]The State concedes that petitioner has exhausted his claims in the state courts.  In his Supplement Memorandum, Rec. Doc. 16, petitioner also appears to be trying to add a claim of broken plea agreement to his federal petition. If that is correct, such a claim must be denied. This case went to trial and there is no evidence that a plea bargain was ever reached in this case.

1987); and, *Turner v. Cain*, 199 F.3d 437 (5th Cir. 1999) (unpublished) (sentence was within Louisiana statutory limits and within trial court's discretion, therefore petitioner failed to state cognizable *habeas* claim for excessive sentence). If a sentence is within the statutory limits, a federal *habeas* court will not upset the terms of the sentence unless it is grossly disproportionate to the gravity of the offense. *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). See also, *Jones v. Cain,* 2009 WL 928 477 (E.D.La., April 3, 2009 (Lemmon, J.); *Lott v. Miller,* 2008 WL 4889650 (E.D.LA., Nov. 3, 2008) (Africk, J.); and, *Williams v. Cain,* 2008 WL 3363562 (E.D. La., Aug 8, 2008) (Barbier, J.).

At the multiple bill hearing, the court noted that petitioner was a 52 year old man who had lived a "consistent life of crime". Petitioner was said to have had seven felony convictions, at least two misdemeanor convictions arrests, was put on probation and had probation revoked twice, as well as unsatisfactorily terminated probation one time. Petitioner had his parole revoked on two occasions. The court found that petitioner was the worst type of offender for which the worst sentence had been tailored. Accordingly the court found it appropriate to sentence petitioner to the

maximum sentence of ten years.[18]  Based upon these facts as found by the trial court,

facts to which this court must give great deference, petitioner's sentence of ten years

as a third felony offender cannot be said to be excessive.

Insofar as petitioner believes that he should have had a jury determine whether

he was a multiple offender, the court finds this contention incorrect as a matter of law.

Under Louisiana's Habitual Offender law, a multiple bill of information does not

charge a new crime but merely seeks enhanced punishment following a defendant's

most recent conviction. "The enhancement of the penalty for habitual offenders

convicted of a new felony only addresses itself to the sentencing powers of the trial

judge after conviction and has no functional relationship to the innocence or guilt of

the instant crime."  *State v. Walker*, 416 So.2d 534, 536 (La. 1982).  Furthermore,

because the hearing is not a trial, legal principles such as res judicata, double jeopardy,

*the right to a jury trial* and the like do not apply.  *State v. Dorthey*, 623 So.2d 1276

(La. 1993)(emphasis added), citing *State v. Stott*, 395 So.2d 714 (La. 1981)

The United States Court of Appeals for the Fifth Circuit has held that the Sixth

Amendment does not require a trial by jury for multiple offender proceedings. *Buckley*

*v. Butler*, 825 F.2d 895, 904 n.3 (5th Cir. 1987). Instead, bestowing such a right to a

---

[18]See Transcript of Multiple Bill and Sentencing dated August 8, 2003,   State Rec. Vol. 3
of 5.

defendant is left to state law, and in Louisiana there is no such provision. *Id.* (citing La. Rev. Stat. Ann. §15:529.1(D)); see La. Rev. Stat. Ann. § 15:529.1(D)(2) ("Following a contradictory hearing, *the court shall find*" that the defendant is a second, third or fourth offender) (emphasis added).  Additionally, the United States Supreme Court has held that proof of the fact of a prior conviction need not be brought to a jury. See *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000)(*"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt.")(emphasis added).

Petitioner fails to show that his sentence was excessive or that the failure to have a jury decide his multiple offender status clearly violates federal law. His claim is without merit.  Accordingly,

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that Odis David Smith's petition for issuance of a writ of habeas corpus filed pursuant to Title 28 U.S.C. §2254 be **DENIED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14)days** after being served with a copy shall bar that party, except upon

-16-

grounds of plain error, from attacking on appeal the unobjected-to proposed factual

findings and legal conclusions accepted by the district court, provided that the party

has been served with notice that such consequences will result from a failure to object.

*Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir.

1996).[19]

    New Orleans, Louisiana, this 9th day of February, 2011.

 

                            LOUIS MOORE, JR.
                            United States Magistrate Judge

---

[19]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.