UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ODIS DAVID SMITH                                    CIVIL ACTION

VERSUS                                              NO: 09-3709

STATE OF LOUISIANA                                  SECTION: R(6)

### ORDER

The Court, finding that as of this date neither party has filed any objections to the Magistrate Judge's Report and Recommendations,[1] hereby approves the Report and adopts it as its opinion.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rules Governing Section 2254 Proceedings, Rule 11(a).  A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C.

---

[1]    (R. Doc. 17.)

§ 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336.

Smith's motion does not satisfy these standards. Smith claims that the trial judge violated his constitutional rights by increasing his sentence of five years for simple escape to a term of 10 years after a multiple bill adjudication as a third felony offender. As detailed in the magistrate's ruling, however, Smith's sentence was within the statutory limits and was not grossly disproportionate to the gravity of the offense based on the facts found by the trial court. Smith is therefore not entitled to habeas relief on the basis of an excessive sentence. *See Solem v. Helm*, 463 U.S. 277, 288 (1983) (explaining that the Eighth Amendment proscribes grossly disproportionate punishments); *Lott v. Miller*, 2008 WL 4889650, *9 (E.D. La. 2008) ("If a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is

grossly disproportionate to the gravity of the offense."). Nor is Smith entitled to habeas relief on his claim that a jury was required to determine whether he was a multiple offender. *See Buckley v. Butler*, 825 F.2d 895, 903 n.3 (5th Cir. 1987) (noting that the Sixth Amendment does not require a jury in multiple bill proceedings and that the "right to a jury in recidivist proceedings is left to state law"). Jurists of reason would not find these issues debatable.

Accordingly,

Odis Smith's petition for a writ of habeas corpus is DENIED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 1st day of March, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE